IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM M. ROSARIO-PÉREZ,

    Petitioner,

    v.

COMMONWEALTH OF PUERTO RICO
ET AL.,

    Respondents.

CIVIL NO. 08-1954 (ADC)

**REPORT AND RECOMMENDATION**

On August 27, 2008, petitioner William M. Rosario-Pérez filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254, alleging, *inter alia*, that he was illegally arrested and denied bail. (Docket 2). On February 20, 2009, the Commonwealth of Puerto Rico filed a motion to dismiss advising the court that petitioner was no longer confined at a prison in Ponce, Puerto Rico. (Docket 9). By means of a separate motion, the Commonwealth of Puerto Rico clarified that "according to a Certification issued by the Puerto Rico Administration of Correction, Mr. William Rosario Pérez is neither confined at the present in any prison nor was he transferred from the Maximum Security Institution in Ponce to another prison." (Docket 11-2 at ¶2). The certification submitted by respondent clarifies that since November 14, 2008, petitioner has been participating of the "Extended Pass Program" and that his sentence will be deemed fully served by October 22, 2009.[1] (Docket 11-2 Exhibit A).

"It is clear, not only from the language of ... [28 U.S.C. §]2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality

---

[1] The court has granted the Commonwealth of Puerto Rico until March 15, 2009, to file a certified translation of the certification. (Docket 14).

of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodríguez, 411 U.S. 475, 484 (1973).  Since petitioner is no longer confined in any prison, his request for the issuance of a habeas corpus writ has become moot.

Moreover, even if we were to assume *arguendo* that petitioner is claiming damages, a §2254 petition is not the proper means to obtain such remedy.  "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate release – the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."  Id. at 494; see also Derrow v. Shields, 482 F.Supp. 1144, 1147 n.5 (D.C.Va. 1980).

WHEREFORE, it is recommended that the motion to dismiss (Docket 9) be GRANTED in light of the fact that petitioner's claim has become MOOT.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation.  Failure to file same within the specified time waives the right to appeal this report.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 25th day of February, 2009.

s/Marcos E. López<br>U.S. MAGISTRATE JUDGE